UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD LOYAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:04-cv-0905-DFH-WTL |
| ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Richard Loyal is a former employee of defendant Indianapolis Public Schools ("IPS"). Loyal resigned from his position as head custodian of an IPS middle school in December 2003 after IPS concluded that he had sexually harassed several female co-workers. Loyal claims that IPS forced him to resign because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and because of his gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* IPS has filed a motion for summary judgment on both of Loyal's claims. For the reasons explained below, defendant's motion is granted as to both claims.[1]

---

[1]In his response to IPS's motion, Loyal also suggests that he was subjected to a hostile work environment in violation of Title VII or the ADEA. See Pl. Resp. Br. at 4, 7. Loyal claims that IPS's investigation into his behavior was indiscreet, lacked confidentiality, and created an environment where he was harassed by subordinates who no longer respected his authority. See Loyal Aff. ¶ 14; Loyal Dep. at 99-100. To the extent that Loyal seeks relief based on the behavior of his co-workers, he has produced no evidence that their actions were motivated by his

(continued...)

*Summary Judgment Standard*

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment should be granted only where the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Only genuine disputes over material facts can prevent a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id.*

When deciding a motion for summary judgment, the court considers those facts that are undisputed and views additional evidence, and all reasonable inferences drawn therefrom, in the light reasonably most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 255; *Baron v. City of Highland Park,* 195 F.3d 333, 337-38 (7th Cir. 1999). However, a party must present more than mere speculation or conjecture to defeat a summary judgment

---

[1](...continued)
age or gender, as opposed to the accusations made against him. To the extent that Loyal takes issue with IPS management's handling of its investigation, his criticisms are addressed below.

motion. The issue is whether a reasonable jury might rule in favor of the non-moving party based on the evidence in the record. *Anderson*, 477 U.S. at 252; *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001).

*Undisputed Facts*

Plaintiff Richard Loyal began working for Indianapolis Public Schools ("IPS") in 1977 and was promoted to head custodian of an IPS middle school in 1999. Loyal Dep. at 22, 38-39. On August 8, 2003, Irma Nichols, a female staff custodian at Loyal's school, filed a formal complaint of sexual harassment against Loyal with IPS's Human Resources Division. Wade-Harris Aff. ¶ 3. Nichols reported that Loyal had spoken to her and touched her inappropriately the day before. Wade-Harris Aff. ¶ 4, Ex. 1 at 3-4, 7-9. Loyal denied all allegations of wrongdoing. Wade-Harris Aff. ¶ 5, Ex. 2 at 11, 17; Loyal Dep. at 51-55. Lydia Wade-Harris, an IPS Human Resources Assistant, conducted an investigation of the incident and concluded that Nichols' allegations could not be corroborated. Wade-Harris Aff. ¶ 7.

On October 7, 2003, IPS Superintendent Duncan Pritchett received a letter from Ms. Nichols requesting to speak with him about the August incident involving Loyal. Pritchett Aff. ¶ 3, Ex. 1. Dr. Pritchett met with Nichols the next day, and he then directed IPS's Human Resources Division to conduct another investigation of the matter. Pritchett Aff. ¶ 4, Ex. 2. IPS Human Resources Supervisor Erin Farrell conducted this second investigation. Farrell Aff. ¶ 3. Ms.

Farrell re-interviewed Ms. Nichols, and she also interviewed ten custodians and a supply and utilities employee who worked with Loyal. Farrell Aff. ¶¶ 4, 5. Four additional female custodians told Farrell that they had been the target of inappropriate sexual conduct by Loyal. Farrell Aff. ¶¶ 6-9. Several other employees told Farrell that Nichols had complained about Loyal's behavior to them. Farrell Aff. ¶¶ 7, 10-12. Farrell concluded her investigation by interviewing Loyal, who denied all allegations. Farrell Aff. ¶ 13; Loyal Dep. at 97. Loyal contended that his co-workers had lied because they were angry about their work assignments or because they had some other interest in seeing him fired. Loyal Dep. at 97, 123-26.

Farrell reviewed the results of her investigation and concluded that she would recommend termination of Loyal's employment based on the several reports of similar misconduct and the number and severity of the offenses of which he was accused. Farrell Aff. ¶ 14. IPS Human Resources Generalist Richard Simmons met with Loyal on December 10, 2003 and told him that he could either resign or be terminated. Loyal Dep. at 129-31. Loyal tendered a written resignation that day. Loyal Dep. at 129-36, Ex. 19. Loyal was 45 years old at the time. See Loyal Dep. at 14.

Additional facts are included where relevant to the discussion below, keeping in mind the standard that applies on summary judgment.

*Discussion*

Loyal claims that he was terminated because of his age in violation of the ADEA and because of his gender in violation of Title VII. More specifically, Loyal contends that Farrell's investigation was unfair and discriminatory because he was a man accused of having harassed a woman, and that IPS hoped to fire him to avoid paying him retirement benefits. See Loyal Dep. at 97-98.

Loyal presents no direct evidence of discrimination based on age or gender. See *Jordan v. City of Gary*, 396 F.3d 825, 832 (7th Cir. 2005) (proving discrimination by direct method requires admission by employer or a "convincing mosaic" of circumstantial evidence pointing directly toward intentional discrimination). He seeks to prove discrimination using the indirect, burden-shifting framework adapted from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

To defeat summary judgment by using the indirect method of proof, a plaintiff first must come forward with evidence that would allow a jury to find the elements of a prima facie case of discrimination. If the plaintiff meets this burden, the defendant may rebut the plaintiff's prima facie case by articulating a legitimate, non-discriminatory reason for the employment action. The plaintiff must then present evidence that could allow a reasonable jury to find that the stated reason was not a true reason, but a pretext, which may permit in turn an inference of unlawful intent. See *McDonnell Douglas*, 411 U.S. at 802-04; *Jordan*,

396 F.3d at 833 (applying indirect method of proof to age discrimination claim under ADEA and sex discrimination claim under Title VII).

To establish a prima facie case of discrimination under either claim, Loyal must demonstrate that (1) he is a member of a protected class; (2) his performance met IPS's legitimate expectations; (3) he was subjected to an adverse employment action; and (4) similarly situated employees who were not members of the protected class were treated more favorably. See *McDonnell Douglas*, 411 U.S. at 802; *Jordan*, 396 F.3d at 833. Loyal has not put forth evidence establishing a prima facie case of discrimination based on either age or gender.

Most basically, Loyal has not shown that he was treated less favorably than a similarly situated employee who was either substantially younger or female. A similarly situated employee in this case would be someone who was "the subject of comparable complaints of sexual harassment." See *Morrow v. Wal-Mart Stores, Inc.*, 152 F.3d 559, 561 (7th Cir. 1998) (affirming summary judgment on Title VII discrimination claim where male employees terminated for sexual harassment could not show that employer received complaints about female co-workers alleged to have engaged in similar misconduct).

Loyal claims that IPS employees Bill Bohm and Richard Miles were accused of sexual harassment but kept their jobs. See Loyal Dep. at 168-73. Even if the evidence were sufficient to show that Bohm and Miles were the subjects of

comparable complaints of sexual harassment, this comparison would not help Loyal's case because Bohm and Miles are not outside of his protected class. Like Loyal, both Bohm and Miles are males around ages 45 to 50. Loyal Dep. at 173. In fact, evidence that Bohm and Miles were similarly situated but treated differently than Loyal would tend to show that age and sex did *not* play a part in IPS's decision to terminate him. See, *e.g.*, *Jordan*, 396 F.3d at 833 (plaintiff could not show discrimination in promotion decision when promotion was given to employee within same protected class).[2]

Loyal points to two IPS employees outside of his protected class who he contends were accused of sexual misconduct and not terminated. Loyal testified that a female custodian (coincidentally, his wife) and a younger male staff custodian named Allen both had been the subject of sexual harassment complaints by co-workers. Loyal Dep. at 174-76. With respect to Allen, the only evidence before the court is Loyal's testimony that Allen was "accused and put into another building." Loyal Dep. at 174. Loyal admits that he knows nothing about the specific allegations against Allen, and he has provided no evidence of how many complaints were made or whether an investigation was conducted by IPS. On this record, a reasonable jury could not conclude that Loyal and Allen

---

[2] Loyal identified two other IPS employees – Charles Roberts and Gene Akers – who he had heard engaged in inappropriate behavior. But Loyal acknowledged that Roberts was "a little older" than he is. Loyal Dep. at 175. Akers was 57 years old when Loyal was terminated. See Akers Aff. ¶ 2. Like Bohm and Miles, Roberts and Akers are not outside of Loyal's protected class. Any comparison with them would not aid Loyal's discrimination claims.

were similarly situated employees. See *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 730 n.16 (7th Cir. 2004) (general or conclusory statements about persons do not satisfy plaintiff's burden to identify similarly situated employee).

With respect to Loyal's wife, Loyal testified that a male co-worker had accused her of touching him inappropriately. Loyal testified that IPS conducted an investigation, told her that the complaint was untrue, and then "left it alone." Loyal Dep. at 175. Loyal's wife is not a similarly situated employee because there is no evidence that she was the subject of numerous harassment complaints by several IPS employees. Also unlike Loyal's case, an investigation of his wife concluded with a determination that the accusation was false. See *Spath v. Hayes Wheels International-Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000) (comparable employees must be similarly situated "in all respects"); *Williams v. General Mills, Inc.*, 926 F. Supp. 1367, 1377-78 (N.D. Ill. 1996) (employee accused of sexual harassment was not similarly situated where employer concluded that plaintiff's misconduct was substantially worse than that of co-workers).

Loyal contends that Farrell's investigation into the accusations against him reached the wrong conclusion. For purposes of Loyal's discrimination claims, the issue is not whether IPS's stated reason for terminating him was incorrect, but whether it was a dishonest pretext. Even assuming that Loyal could identify a similarly situated employee, he has not presented evidence from which a

reasonable jury could find that IPS's stated reason for terminating him was a pretext for discrimination.

Farrell stated that she recommended Loyal's termination because her investigation "established that Loyal had repeatedly engaged in inappropriate sexual conduct with subordinate female employees." Farrell Aff. ¶ 14. To show pretext here, Loyal would be required to present evidence that IPS did not honestly believe he had engaged in inappropriate sexual conduct with co-workers. See *Mills v. Health Care Service Corp.*, 171 F.3d 450, 458 (7th Cir. 1999) ("the pretext inquiry focuses on whether the employer's stated reason was honest, not whether it was accurate"), quoting *Helland v. South Bend Community School Corp.*, 93 F.3d 327, 330 (7th Cir. 1996).

Loyal has offered no such evidence. Instead, he raises general complaints about the way Farrell conducted the investigation. Loyal contends that more co-workers should have been interviewed, that Farrell pre-judged the situation, and that he was not provided with evidence of or told about the allegations brought by co-workers other than Nichols. See Loyal Aff. ¶¶ 19, 21, 22. Loyal also points out that the first investigation conducted by Wade-Harris determined that Nichols' complaints could not be corroborated.

None of Loyal's criticisms call into question the *honesty* of IPS's investigation. The issue here is not whether IPS was correct in concluding that

Loyal engaged in inappropriate conduct, but whether IPS acted discriminatorily. See *Morrow*, 152 F.3d at 564 (noting that Title VII prohibits discriminatory employment actions, not hasty or ill-considered ones).  The fact that IPS's second investigation reached a different conclusion than the first is easily explained by the additional and corroborating evidence brought to light in the second investigation.  Also, the fact that both investigations were conducted by women is not enough by itself to create an inference of discrimination based on sex. Loyal's other criticisms identify his suggestions for procedural improvements to IPS's investigation techniques.  They are beside the point for purposes of this federal discrimination lawsuit.  In such cases, the court does "not sit as a super-personnel department that reexamines an entity's business decisions." *Morrow*, 152 F.3d at 564, quoting *Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 772 n.13 (7th Cir. 1994); see also *Mellinger v. Combined Ins. Co. of America*, 2001 WL 185183, *9 (N.D. Ill. Feb. 26, 2001) (terminated employee did not show pretext through complaints that employer was biased or should have interviewed more employees during investigation into sexual harassment allegations against him).

Loyal also admits that he has no facts to support his theory that he was fired because of his age so that IPS could save money on retirement benefits.  See Loyal Dep. at 149.  Loyal's own belief that IPS's investigation and its resulting employment decision were somehow discriminatory is insufficient to defeat IPS's motion for summary judgment.  See *McDonald v. Village of Winnetka*, 371 F.3d

992, 1001 (7th Cir. 2004) (inferences supported by only speculation or conjecture will not defeat a summary judgment motion).

*Conclusion*

Because Loyal cannot point to a similarly situated employee outside of his protected class who was treated more favorably, he cannot establish a prima facie case of discrimination based on either age or gender.  In addition, Loyal has not presented evidence from which a reasonable jury could find that IPS's stated reason for terminating him was pretextual.  Therefore, defendant's motion for summary judgment (Docket No. 41) is granted as to all claims.  Final judgment will be entered accordingly.

So ordered.

Date: February 17, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-12-

Copies to:

Kimberly J. Bacon
suite800law@aol.com

Walter E. Bravard, Jr.
suite800law@aol.com

Roberta Sabin Recker
BAKER & DANIELS
rsrecker@bakerd.com

Dustin D. Stohler
BAKER & DANIELS
dustin.stohler@bakerd.com